Lei v. Garland

BIA
Gordon-Uruakpa, IJ
A206 283 811

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LI XUE LEI,
> *Petitioner,*

v.                                                          **22-6330**
                                                           **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Li Han, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Christina R. Zeidan, Trial Attorney; Charles J. Lautenbach, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Xue Lei, a native and citizen of the People's Republic of China, seeks review of a June 21, 2022 decision of the BIA affirming a December 21, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Xue Lei*, No. A 206 283 811 (B.I.A. June 21, 2022), *aff'g* No. A 206 283 811 (Immigr. Ct. N.Y.C. Dec. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741

2

F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Lei's challenge to the agency's adverse credibility determination here is so cursory that he has arguably waived this dispositive issue. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not

3

adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Even setting aside Lei's arguable waiver of this argument, substantial evidence supports the agency's determination that Lei did not testify credibly. Lei's original and amended asylum application forms contain a significant discrepancy regarding the date when he learned that his wife was pregnant with their second child and the date of the child's birth. At his hearing, Lei never testified that he was mistaken about the timeline, but instead repeatedly claimed that the timeline in the written statements was correct. It was only after he realized that his version of events was impossible that he asserted he did not know "how to count." Certified Admin. Record at 84. The IJ reasonably found that this explanation was not compelling. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Contrary to Lei's position, this discrepancy is not trivial, as his wife's second

pregnancy was central to his claim that he was persecuted for violating and opposing China's family-planning policy. In any event, the agency is entitled to rely on testimony-related discrepancies that do not go to the heart of an applicant's claims so long as the totality of the circumstances supports the adverse credibility determination—which is the case here given Lei's repeated failure to explain his testimony after the implausibility was pointed out to him. *See Xiu Xia Lin*, 534 F.3d at 167–68; *see also Zhang v. U.S. I.N.S*, 386 F.3d 66, 73 (2d Cir. 2004) ("A fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007).

In sum, given the implausibility of Lei's testimony and his failure to advance a compelling explanation for the timeline he gave, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167–68.

5

Because Lei's claims for asylum, withholding of removal, and CAT relief relied on the same facts, the adverse credibility determination was dispositive of all three forms of relief. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court